XAVIER GONZALES, ESQ.
Nevada Bar No.:1862
528 S. Casino Center Blvd.
2nd Floor
Las Vegas, Nevada 89101
(702) 388-8182
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| QASIR ALI MUKHTAR, | )Case No. 2:14-cv-01441-RFB-CWH |
| | )INS No. A# 088-442-824 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES OF AMERICA, | ) |
| | ) |
| Rand BEERS, in his Official Capacity, | ) |
| Secretary, Department of Homeland Security | ) |
| | ) |
| Loretta LYNCH, in her Official Capacity, | ) |
| Attorney General Department of Justice, | ) |
| | ) |
| Jeanne KENT, in her Official Capacity, | ) |
| Officer in Charge, Department of Homeland Security | ) |
| Las Vegas, Nevada (USCIS Local) | ) |
| | ) |
| Steven M. BRANCH, in his Official Capacity, | ) |
| ICE Field Office Director, Detention and Removal | ) |
| Las Vegas, Nevada (ICE Local) | ) |
| | ) |
| Defendants. | ) |

**PETITIONERS NOTICE OF VOLUNTARY DISMISSAL OF AMENDED PETITION FOR DECLARATORY RELIEF WITHOUT PREJUDICE**

1

### I. PLAINTIFF'S RESPONSE

In the Governments introduction they assert that the Plaintiff, Qasir Ali Mukhtar, challenges the Defendant, the United States of America, *et. al.* the Governments discretionary decision to place him in Expedited Removal Proceedings pursuant to 8 U.S.C. § 1228(b), rather than general removal proceedings pursuant to 8 U.S.C. § 1229a. The Government correctly points out that Mr. Mukhtar asserts that this unfettered discretionary decision violates his due process rights because 8 U.S.C. § 1228(b) denies him the opportunity to apply for the relief he claims he is allegedly entitled to i.e. adjustment of status, based upon an approved I-130 Petition for Alien Relative filed by his U.S. Citizen spouse. Page 2 of the Governments Introduction lines 1 through 9.

However, the Governments assertion that because Mr. Mukhtar is an aggravated felon he is ineligible to adjust status, they cite *8 U.S.C. § 1255,* Page 2 of the Governments Motion to Dismiss lines 18 through 19, is patently false. Mr. Mukhtar is eligible to adjust his status on the basis of an approved I-130 Petition filed by his U.S. Citizen wife. A waiver to overcome the bar to admissibility and adjustment of status based upon an aggravated felony conviction is available pursuant to INA Section. 212(h). The fact that Mr. Mukhtar had an inspected entry would otherwise permit him to adjust his status to that of a Lawful Permanent Resident as a basis for overcoming deportation. See, <u>Matter of Michel</u>, 21 I&N Dec. 1101 (BIA 1998). Depriving Mr. Mukhtar of available relief from deportation naturally raises due process concerns. See, <u>Demore vs. Kim</u>, 538 U.S. 510, 523 (2003) "…for it is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings."

> "Moreover, the agency must consider all favorable and unfavorable factors relevant to the exercise of its discretion; failure to do so constitutes an abuse of discretion. See An Na Peng v. Holder, 673 F.3d 1248, 1253 (9th Cir.2012) (the BIA abuses its discretion when it fails to consider all relevant factors bearing on the balance of equities or an application for relief); Xiao Fei Zheng v. Holder, 644 F.3d 829, 833 (9th Cir.2011) (same); cf. United States v. $11,500.00 in U.S. Currency, 710 F.3d 1006, 1011 (9th Cir.2013) (a district court abuses its discretion if it fails to consider factors relevant to the exercise of its discretion). If the procedures used by ICE do not assure that the decision-makers obtain the requisite information before the decision is made, then it is unlikely that the decision made will be a proper one under the abuse of discretion standard." See, Villa-Anguiano v. Holder, 727 F.3d 873, 881 (9th Cir. 2013).

Secondly, the Government asserts that pursuant to 8 U.S.C. § 1252(b)(9), REAL ID Act precludes challenges to removal orders in the District Court and that the new INA § 242(a)(2)(D) preserves judicial review of Constitutional claims or questions of law raised upon a Petition for Review filed with the appropriate Court. As the Government goes on to accurately describe, Mr. Mukhtar does not necessarily directly challenge the Final Administrative Order of Removal in these proceedings. Mr. Mukhtar's Amended Complaint for Declaratory Relief challenges the constitutionality of a statutory scheme that permits the Government to treat aliens, similarly situated, differently and by an unfettered choice of proceedings unfairly and unconstitutionally limits relief and thereby discriminate between aliens in violation of the due process and equal protection clause of the United States Constitution. Mr. Mukhtar complains that because there is no standard by which to differentiate between both processes other than mere unfettered discretion of the Government, when it effects Mr. Mukhtar's ability to remain in the United States and united

3

with his family such a statutory scheme is a violation of the United States Constitution and cannot survive Judicial scrutiny.

## II. CONCLUSION

Having said that, Mr. Mukhtar was served with a Final Administrative Order of Removal on September 24th 2014 pursuant to 8 U.S.C. § 1228.  On October 2nd 2014 a timely Petition for Review was filed with the 9th Circuit Court of Appeals, Case No. 14-73057.  The issue of whether or not Mr. Mukhtar has been convicted of an aggravated felony and is therefore subject to summary removal proceedings is currently the subject of Judicial Review by way of a Petition for Review in the 9th Circuit Court of Appeals. The issue of whether, even if Mr. Mukhtar has been convicted of an aggravated felony subjecting him to summary removal proceedings, wherein the statutory scheme precludes him from pursuing an otherwise available form of relief, is a violation of the Due Process, and Equal Protection Clause of the United States Constitution is currently the subject of Judicial Review by way of a Petition for Review in the 9th Circuit Court of Appeals.

On that basis Mr. Mukhtar requests Voluntary Dismissal of the instant Amended Petition for Declaratory Relief.

DATED this 29th day of October, 2015.

By:  /s/ XAVIER GONZALES, ESQ.
Xavier Gonzales, Esq.
Nevada Bar No.: 1892
528 S. Casino Center Blvd., Ste. 205
Las Vegas, Nevada 89101
*Attorney for Plaintiff*

IT IS SO ORDERED:

_____
RICHARD F. BOULWARE, II
United States District Judge
DATED this 4th day of November, 2015.

4

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 29th day of October, 2015, I electronically filed the foregoing Petitioner's Notice of Voluntary Dismissal of Amended Petition for Declaratory Relief Without Prejudice with the Clerk of the United States District Court, District of Nevada, by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

By: /s/ Liliana Mier
     An employee of XAVIER GONZALES, ESQ.